IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANTOINETTE KING,

        Plaintiff,

    v.

CAPE MAY COUNTY BOARD OF
FREEHOLDERS, et al.

        Defendants.

HON. JEROME B. SIMANDLE

Civil No. 04-4243 (JBS)

**OPINION**

APPEARANCES:

Alan L. Krumholz, Esq.
KRUMHOLZ DILLON, PA
574 Summit Avenue
Jersey City, NJ 07306
    Attorney for Plaintiff

Richard L. Goldstein, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
    Attorney for Defendant Cape May County Board of Freeholders
    and Cape May County Department of Public Safety Training
    Center

Thomas W. Sumners, Jr., Esq.
SUMNERS GEORGE, PC
849 West State Street
Trenton, NJ 08618
    Attorney for Defendant Bridgeton Board of Education

James B. Arsenault, Jr., Esq.
Barbara L. Bakley-Marino, Esq.
OFFICE OF COUNTY COUNSEL
Cape May Courthouse
4 Moore Road
Cape May, NJ 08210
    Attorneys for Defendant Gary G. Schaffer

**SIMANDLE**, District Judge:

This matter comes before the Court on the Motion for Reconsideration by Defendant Gary Schaffer ("Schaffer") of the Court's September 29, 2006 Opinion and Order, <u>King v. Cape May Count Bd. of Freeholders</u>, No. 04-4243 (JBS), 2006 U.S. Dist. LEXIS 73606 (D.N.J. Sept. 29, 2006) ("the September Opinion"), which denied Schaffer's Motion for Summary Judgment.[1]   For the reasons explained, the Court shall grant the motion for reconsideration and vacate its determination as to the viability of Plaintiff's gender discrimination claims.   However, the Court will not enter summary judgment for Schaffer as the issue was not properly presented on that motion.   Rather, Schaffer may move for summary judgment again and the parties may fully brief, with evidence from the record, whether there is a material issue of fact as to Plaintiff Antoinette King's claims of gender discrimination.

I.   **BACKGROUND**

Plaintiff Antoinette King ("King" or "Plaintiff") sued Schaffer for his role in her withdrawal from the Cape May County Police Academy's Special Law Enforcement Class ("the Academy"). King alleges that Schaffer, the Director of the Academy, discriminated against her on the basis of her age and gender by repeatedly and vociferously pressuring her to withdraw from the

---

[1]   The Court previously entered an Order enlarging the time for filing this motion for reconsideration [Docket Item 30]; it is timely.

Academy and ultimately causing her employer, Defendant Bridgeton
Board of Education, to withdraw Plaintiff from the Academy.
Plaintiff alleges that Schaffer's conduct violated the New Jersey
Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 et
seq., as well as the Equal Protection Clause of the U.S.
Constitution.

Defendant Schaffer moved for summary judgment [Docket Item
13] on several grounds:

(1) Plaintiff failed to establish a valid constitutional
claim pursuant to 42 U.S.C. § 1983 because she was not employed
by Cape May, there was no evidence of a due process violation,
and because all females were treated alike;

(2) The NJLAD claims must fail because Defendant Schaffer
was not her employer and the Police Academy was not a place of
public accommodation;

(3) All NJLAD claims against Schaffer must fail because
Plaintiff was illegally enrolled in the Police Academy;

(4) The NJLAD claims must fail because Schaffer could not be
considered her employer as a matter of law; and

(5) Punitive damages claims against Schaffer must be
dismissed.  (Schaffer Summ. J. Br.)

Notably, Schaffer did not argue that the record failed to
provide evidence that he was motivated by Plaintiff's gender when
he criticized her, when he told her to withdraw from the Academy,

3

or when he effectuated her withdrawal.  Furthermore, Schaffer did not argue that the record showed that his adverse actions against Plaintiff were motivated by her illegal enrollment in the Academy.  Furthermore, neither Schaffer nor Plaintiff provided the Court with a statement of undisputed material facts, as Local Civil Rule 56.1 requires.  Therefore, it is unclear whether the parties agree on the material facts or Schaffer's motivations for his conduct.

## II.  STANDARD FOR RECONSIDERATION

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir.1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision

4

fails to carry the moving party's burden." Panna v. Firstrust
Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991) (internal
citations omitted).  Instead, "the party seeking reconsideration
[must show] at least one of the following grounds: (1) an
intervening change in the controlling law; (2) the availability
of new evidence that was not available . . . ; or (3) the need to
correct a clear error of law or fact or to prevent manifest
injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Furthermore, the
Court will grant a motion for reconsideration only if the movant
establishes that the Court overlooked "dispositive factual
matters or controlling decisions of law." See Rouse v. Plantier,
997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data
Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).

**III. DISCUSSION**

     Noting correctly that the Court misconstrued evidence in the
record when it determined the viability of Plaintiff's gender
discrimination claims against him, Schaffer seeks
reconsideration.  Specifically, in the September Opinion the
Court found that Schaffer was not entitled to summary judgment on
Plaintiff's gender discrimination claims because evidence in the
record showed that Schaffer had told Plaintiff "she should be
home 'barefoot and pregnant.'" King, 2006 U.S. Dist. LEXIS
73606, at *26.  Thus, the Court held, "a reasonable jury could

find such a statement constitutes discrimination based on gender." Id.  Indeed, such evidence, if true, would tend to show that Schaffer was motivated by Plaintiff's gender when he allegedly mistreated her and effectuated her withdrawal from the Academy.

However, in reaching this conclusion, the Court made two errors.  As Schaffer correctly points out, the Court erroneously stated that Plaintiff had testified Schaffer told her she should be home barefoot and pregnant.  In fact, according to the record before the Court on that motion for summary judgment, as Plaintiff concedes, the Security Coordinator at the Bridgeton Board of Education, Robert Stevens, told King that Schaffer said women should not be at the Academy, but should be home barefoot and pregnant.  Stevens' deposition was not provided to the Court in full and Schaffer asserts that Stevens would not testify in Court that Schaffer made such a statement, nor was Stevens asked about the alleged statement in his deposition.  (See Def. Reply Br. at 7.)  Therefore, Schaffer argues, the "barefoot and pregnant" evidence was inadmissible hearsay[2] and the Court should not have denied summary judgment to him relying solely on that statement.  Schaffer is correct.  See Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 n. 13 (1999) (noting that District

---

[2]  Plaintiff does not dispute that the statement is inadmissible hearsay.  See Fed. R. Evid. 802.

Courts should not rely on evidence inadmissible at trial to aid summary judgment decisions).

However, that conclusion implicates the second, larger error that the Court made in the September Opinion:  The Court should not have construed Schaffer's motion for summary judgment to include an argument that the record did not support Plaintiff's gender discrimination claims.  In his moving papers, Schaffer did not raise the issue whether the record supported Plaintiff's prima facie claim of gender discrimination.  Thus, neither party came forward with evidence shedding any light on whether Schaffer's actions were motivated by gender and the issue was not properly before the Court.

As the Court noted in its September Opinion, Plaintiff's Complaint was not a model of clarity.  Indeed, the Court had to parse the Complaint and other correspondence from counsel to determine that Plaintiff's federal constitutional claims were Equal Protection claims.  It is likely that Schaffer did not, in his comprehensive motion, seek to preclude such claims because he did not read the murky Complaint in the same manner that the Court ultimately did.  Thus, although the Court should not have considered the motion for summary judgment to include a motion to bar Plaintiff from pursuing her gender claims, it would be fair to give Schaffer an opportunity to properly move for summary judgment on these clarified claims.  The Court incorrectly and

7

prematurely made a determination that evidence existed from which a reasonable jury could find Schaffer discriminated against King on the basis of her gender, and that portion of the September opinion is vacated.

However, if Schaffer moves for summary judgment, he should take into account the nature of Plaintiff's claim and the burdens she does – and does not – bear.  On the motion for summary judgment and this motion for reconsideration, the parties have extensively briefed the issue whether Plaintiff's placement in the Academy was "legal."  Assuming, for the sake of argument, that Plaintiff's placement was not legal, the Court notes that the issue would be irrelevant to her prima facie claim if it is clear from the record that Schaffer did not know her placement was illegal when he undertook the challenged conduct.[3]  There appears to be no evidence in the record before the Court presently that Schaffer knew or thought Plaintiff's placement in the Academy was illegal prior to his challenged conduct.  Thus, one could not conclude, on his motion for summary judgment, that his discouraging statements, which themselves may be actionable

---

[3]  Generally in an employment discrimination case, an employer's after-acquired evidence of an employee's wrongdoing or ineligibility may not be considered for purposes of liability, but may be used to limit potential damages to the time before the employer discovered the wrongdoing or ineligibility for which the employer would have dismissed the employee, if known.  McKennon v. Nashville Banner Publ. Co., 513 U.S. 352 (1995); Mardell v. Harleysville Life Ins. Co., 65 F.3d 1072 (3d Cir. 1995).

under N.J. Stat. Ann. § 10:5-12(f), or his role in ousting Plaintiff were at all affected by this "legitimate" reason.  The issue is whether he was motivated by gender (or age) in making his decisions.  He could not have been motivated by some other legitimate criteria of which he had no knowledge.

In other words, a determination that Plaintiff technically should not have been accepted into the Academy does not negate Plaintiff's prima facie showing, if she makes it, of Schaffer's intentional discrimination.  "The nature of the burden that shifts to the defendant should be understood in light of the plaintiff's ultimate and intermediate burdens.  The ultimate burden of persuading the trier of fact **that the defendant intentionally discriminated against the plaintiff** remains at all times with the plaintiff."  <u>Tex. Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981) (emphasis added).  As it stands, this case does not present a <u>Price Waterhouse</u> situation in which the defendant's adverse employment action was motivated by "a mixture of legitimate and illegitimate motives."  <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228, 232 (1989).  At this stage there appears to be no allegation –  by either party – that Defendant Schaffer knew or was motivated by the law that purportedly made it illegal for Plaintiff to train at the academy.

> What sets an after-acquired evidence case far
> apart from a mixed-motives case like <u>Price</u>

9

> Waterhouse or a pretext case like McDonnell
> Douglas is that the articulated "legitimate"
> reason, which was non-existent at the time of
> the adverse decision, could not possibly have
> motivated the employer to the slightest
> degree. After-acquired evidence, simply put,
> is not relevant in establishing liability
> under Title VII or ADEA because the sole
> question to be answered at that stage is
> whether the employer discriminated against
> the employee on the basis of an impermissible
> factor at the instant of the adverse
> employment action.

Delli Santi v. CNA Ins. Cos., 88 F.3d 192, 205 (3d Cir. 1996).

> The employer could not have been motivated by
> knowledge it did not have and it cannot now
> claim that the employee was fired for the
> nondiscriminatory reason. Mixed-motive cases
> are inapposite here, except to the important
> extent they underscore the necessity of
> determining the employer's motives in
> ordering the discharge, an essential element
> in determining whether the employer violated
> the federal antidiscrimination law.

McKennon v. Nashville Banner Publ. Co., 513 U.S. 352, 360

(1995).[4]  The issue, however, is not adjudicated at this time and

Defendant Schaffer remains free to raise any appropriate issue or

defense if he files for summary judgment.

In any event, on a defendant's motion for summary judgment

"the question is whether [the record definitively shows] the

employer [acted] for a non-discriminatory reason."  Lawrence v.

---

[4]  Although the Court does not now determine whether
Plaintiff's placement in the Academy was contrary to New Jersey
law, the Court notes that if Plaintiff's claims against Schaffer
ultimately proceed, the Court will have to make that
determination because it is relevant to the available remedies.
McKennon, 513 U.S. at 360; Mardell, 65 F.3d 1072.

<u>Nat'l Westminster Bank</u>, 98 F.3d 61, 67 (3d Cir. 1996).  This issue has not been presented squarely to the Court in a properly-briefed motion for summary judgment on Plaintiff's claims against Schaffer of gender discrimination.  Therefore, the Court shall grant the motion for reconsideration and vacate its September Opinion insofar as it held that the record supported Plaintiff's claims under state and federal law for gender discrimination.  As the Court inappropriately relied on the hearsay statement and failed to give the parties ample opportunity to come forward with evidence whether there was any genuine issue of material fact on the gender claims, Schaffer may file a second motion for summary judgment conforming to the Local Rules.

The Court notes that such a motion shall put Plaintiff on notice of the issue before the Court and require her to direct the Court's attention to admissible evidence in the record tending to show her prima facie case, namely, that Schaffer's adverse actions were motivated by her gender.  Although the moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986), the non-moving party "may not rest upon the mere allegations or denials of" its pleadings, Fed. R. Civ. P. 56(e).

## IV.   CONCLUSION

Because the Court finds that Schaffer did not properly move for summary judgment on Plaintiff's gender discrimination claims, the Court shall grant the motion for reconsideration in part. The Court shall enter an Order vacating its determination of the viability of the gender discrimination claims and permitting Schaffer to move for summary judgment again.  This would provide each party an opportunity to argue whether a genuine issue of material fact precludes summary judgment on Plaintiff's state and federal gender discrimination claims.  Any such motion for summary judgment must be filed within twenty (20) days.


<u>**January 31, 2007**</u>                    <u>**s/ Jerome B. Simandle**</u>
Date                                     Jerome B. Simandle
                                         U.S. District Judge