[relates to Docket Items 42 and 43]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINETTE KING,<br><br>          Plaintiff,<br><br>     v.<br><br>CAPE MAY COUNTY BOARD OF<br>FREEHOLDERS, et al.,<br><br>          Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>CIVIL NO. 04-4243<br><br><u>OPINION</u> |

APPEARANCES:

Alan L. Krumholz, Esquire
KRUMHOLZ DILLON, P.A.
574 Summit Avenue
Jersey City, NJ 07306
     Attorney for Plaintiff

Susanna J. Morris, Esquire
BUDD LARNER, P.C.
1939 Route 70 East, Suite 100
Cherry Hill, NJ 08003
     Attorney for Defendant Gary G. Schaffer

Richard L. Goldstein, Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
     Attorney for Defendants Cape May County Board of Freeholders
     and Cape May County Police Academy

**I. Introduction**

     This matter comes before the Court on motions pursuant to Fed. R. Civ. P. 56 for partial summary judgment by Defendants Gary G. Schaffer [Docket Item 42] and by Defendants Cape May County Board of Freeholders and Cape May County Police Academy [Docket Item 43] (collectively "Defendants"). Defendants seek

summary judgment on two issues.  First, Defendants move for summary judgment in regards to Plaintiff Antoinette King's ("Plaintiff" or "King") gender discrimination claims.  Second, Defendants move for the Court to determine whether Plaintiff's placement at the Cape May County Police Academy was proper under New Jersey law.  For the reasons set forth below, the Court grants summary judgment for Defendants as to Plaintiff's gender discrimination claims, but finds it unnecessary to determine whether Plaintiff's placement at the Academy was legal.

## II. Background

### A. Procedural History

On August 31, 2004, Plaintiff King filed the Complaint against Cape May County Board of Freeholders ("Freeholders"), Cape May County Police Academy ("Academy"), Gary G. Schaffer ("Schaffer"), and the Bridgeton Board of Education ("BOE"). [Docket Item 1.]  Plaintiff alleged gender and age discrimination under 42 U.S.C. § 1983 and the New Jersey Law Against Discrimination ("LAD").

On February 23 and March 3 of 2006, Defendants moved for summary judgment on all of Plaintiff's claims.  [Docket Items 13, 16, 17.]  The Court denied Schaffer's motion in its entirety, granted the Academy and Freeholders' motion as to Plaintiff's § 1983 claims but denied it as to Plaintiff's LAD claims, and granted BOE's motion in its entirety.  See King v. Cape May

County Bd of Freeholders, Civ. No. 04-4243, 2006 WL 2827736 (D.N.J. Sept. 29, 2006).  On November 6, 2006, Defendant Schaffer filed a motion for reconsideration of the September 29 Opinion [Docket Item 29] on the grounds that the Court misconstrued evidence of gender discrimination.  On January 31, 2007, the Court granted in part Schaffer's motion for reconsideration.  See King v. Cape May County Bd of Freeholders, Civ. No. 04-4243, 2007 WL 419304 (D.N.J. Jan. 31, 2007).  In the January 31 Opinion, this Court vacated its determination regarding the viability of Plaintiff's gender discrimination claims against Schaffer, holding that it improperly considered inadmissible hearsay in deciding the summary judgment motion on that issue, and further, that the gender discrimination claims against Schaffer were not properly before the Court on that motion for summary judgment, and thus should not have been considered at that time.  Id. at *2.  The January 31 Opinion did not grant summary judgment as to Plaintiff's gender discrimination claims, because no summary judgment motion was properly before the Court, but the Opinion allowed the parties to move again for summary judgment on the issue.  Id. at *1.

Accordingly, Defendants Freeholders, the Academy, and Schaffer have moved for summary judgment on Plaintiff's gender discrimination claims.  Defendants have also moved for the Court to determine whether Plaintiff was appropriately enrolled in the

Academy, as the Court had said in its January 31 Opinion that this determination would affect the remedies Plaintiff could receive. See King, 2007 WL 419404 at *4 n.4.

**B. Factual History**

From around 1999 onwards, King was employed by the BOE as an educational enforcement officer (King Dep. at 5:23 to 6:2 in Def. BOF's Br. in Supp. of Mot. at Ex. B), and was stationed at Bridgeton Middle School (id. at 20:2 to 20:5).  In May of 2003, while still employed by the BOE, Plaintiff was enrolled in the Special Law Enforcement Officer class at the Cape May County Police Academy under the sponsorship of (and a promised appointment with) the Bridgeton Police Department.  (Stevens Dep. at 17:7 to 17:18 in Def. BOF's Br. in Supp. of Mot. at Ex. C.) King alleges that she was subject to age and gender discrimination while enrolled in the Academy.  Because only Plaintiff's gender discrimination claims are before the Court in this summary judgment motion, only the facts relevant to those claims will be discussed.

Plaintiff's gender discrimination claims stem from her allegation that Defendants forced her out of the Cape May County Police Academy because she is a woman.  Specifically, King alleges that Defendant Schaffer, who ran the officer training class she was enrolled in, asked her to leave because of her gender and age.  Plaintiff also alleges that the other Defendants

4

are derivatively liable for that decision because they ratified it.  See King, 2006 WL 2827736 at *1-2.

In response to the present summary judgment motion, Plaintiff proffers only the following lines from her deposition as the evidence supporting her claims of gender discrimination:

> "Q: And it's your testimony every time Mr. Schaffer spoke to you, he spoke to you in a manner which you perceived to be discriminatory?
>
> A: Or withdrawal, back to withdrawal, age or gender, in that area.  Either three, you know what I mean?"

(Pl.'s Opp. Br. at 23.)  Plaintiff has not come forward with any other evidence that Defendants discriminated against her when they asked her to leave the training academy.

## III. Analysis

### A. Standard of Review

Summary judgment is appropriate when the materials of record "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.

Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.

In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "[t]he nonmoving party's evidence 'is to be believed, and all justified inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999)(quoting Liberty Lobby, 477 U.S. at 255).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995)(citations omitted).  The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotext Corp. v. Catrett, 477 U.S. 317, 323 (1986).  However, the non-moving party "may not rest upon the mere allegations or denials of" its pleading in order to show the existence of a genuine issue.  Fed. R. Civ. P. 56(e).

**B. Gender Discrimination Claims Under 42 U.S.C. § 1983**

Plaintiff asserts gender discrimination claims under 42 U.S.C. § 1983, alleging violations of her Fourteenth Amendment Equal Protection rights.

Gender discrimination claims under the Equal Protection Clause are analyzed using the framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Morrissey v. Luzerne County Cmty. Coll., 117 Fed. Appx. 809, 814 n.4 (3d Cir. 2004)(holding that the "showing plaintiff must make for § 1983 gender discrimination is the same as for Title VII claims"); Stewart v. Rutgers, the State Univ., 120 F.3d 426, 432 (3d Cir. 1997).  Under this framework, the plaintiff must first establish a prima facie case of gender discrimination.  McDonnell Douglas Corp., 411 U.S. at 802.  Once plaintiff has established a prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the action taken. Id.  If the defendant makes this showing, the burden shifts back to the plaintiff to demonstrate that the stated reason is merely a pretext for discrimination.  Id. at 804.

To establish a prima facie case of gender discrimination under the Equal Protection clause, Plaintiff must prove the "existence of purposeful discrimination."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).  Specifically, Plaintiff must prove that she "'receiv[ed] different treatment from that received by other individuals similarly situated' and that the disparate treatment was based upon her gender."  Id. (quoting Kuhar v. Greensburg-Salem School Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980)).

Here, Plaintiff has no evidence to support a prima facie claim that Defendants discriminated against her on the basis of her gender.  First, she has not shown that she was treated differently than similarly situated men.  Of the seventy-nine recruits enrolled in the Academy, eight were female.  (Class Roster in Def. Schaffer's Br. in Supp. of Mot. at Ex. B.)  Although all eight women failed the first exam (King Dep. at 72:1 to 72:8 in Def. Freeholders' Br. in Supp. of Mot. at Ex. B), all the women except Plaintiff passed the course (Schaffer Dep. at 50:21 to 51:5 in Def. Schaffer's Br. in Supp. of Mot. at Ex. A).[1]  Further, Plaintiff has not come forward with any evidence to show that she or any of the female recruits were made to do different or more difficult tasks than the male recruits.

The only evidence of gender discrimination that King points to is her deposition in which she testified about her impressions regarding Schaffer's discriminatory conduct.  (Pl. Opp. Br. at 23.)  King testified that Schaffer spoke to her in a manner she perceived to be discriminatory.  (King Dep. at 211:18 to 211:23 in Def. Freeholders' Br. in Supp. of Mot. at Ex. B.)  But subjective impressions are insufficient to establish a prima

---

[1] In her Brief, Plaintiff emphasizes that all the other women who passed the course were under thirty (Pl.'s Opp. Br. at 23), but this fact does not speak to an issue of gender discrimination, especially as Plaintiff has not provided evidence that men similarly situated to her, that is, over thirty, were treated more favorably.

facie showing of discrimination, and specifically the "purposeful discrimination" required by Andrews, supra.  See Churchill v. Int'l Bus. Mach., Inc., Nat'l Serv. Div., 759 F.Supp 1089, 1097 (D.N.J. 1991)(holding that subjective impressions, without documentary evidence, were insufficient to support prima facie showing of gender discrimination); Freeman v. Potter, 200 Fed. Appx. 439 (6th Cir. 2006) (holding that subjective impressions were insufficient to establish prima facie case of discrimination, and objective factors were necessary).  Simply put, in a summary judgment motion the Court does not have to credit bald statements unsubstantiated by at least circumstantial evidence.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).  A reasonable jury could not find, on the evidence before this Court, that Defendants discriminated against King because of her gender.  Accordingly, the Court finds Plaintiff has not made a prima facie showing of gender discrimination because she has not provided any evidence to substantiate such a claim, and grants summary judgment to Defendants Schaffer, Cape May County Board of Freeholders, and Cape May County Police Academy on this issue.

## C. Gender Discrimination Claims Under New Jersey Law Against Discrimination

The Court also construed the Complaint as asserting gender discrimination claims under the New Jersey Law Against Discrimination ("LAD").  See King, 2006 WL 2827736 at *1.

Because gender discrimination claims under LAD are also analyzed using the McDonnell Douglas framework, see Grigoletti v. Ortho Pharmaceutical Corp., 118 N.J. 89, 97 (1990), the § 1983 analysis applies here in full.  Accordingly, the Court grants summary judgment to Defendants Schaffer, Cape May County Board of Freeholders, and Cape May County Police Academy on Plaintiff's gender discrimination claim under LAD.

### D. Whether Plaintiff Was Properly Enrolled at Academy

Defendants also ask the Court to determine whether Plaintiff was properly enrolled in the Academy, that is, whether her enrollment at the Academy was in accord with New Jersey state law.

The Court finds resolution of this issue irrelevant to the surviving issue in the case, which is whether Defendants discriminated against Plaintiff on the basis of age under § 1983 and N.J.S.A. § 10:5-4, and if so, to what quantum of damages Plaintiff is entitled.  In the January 31 Opinion, this Court held that Defendants had to be motivated by the unlawfulness of King's placement for that issue to be relevant to the discrimination claim.  King, 2007 WL 419304 at 3.  Defendants do not contend that they barred King from continuing in the Academy because they knew it was contrary to state law for her to be there.  Nor does any evidence in the record suggest that Defendants were aware that Plaintiff may have been improperly

10

enrolled in the program prior to her dismissal.  Thus, the legality of King's placement in the Academy is not relevant to determining Defendants' discriminatory intent.

Further, because Plaintiff does not ask for reinstatement into the Academy, the legality of her placement is also not relevant to the issue of a remedy in her remaining claim of age discrimination.  If Plaintiff sought reinstatement, then the Court might have to determine whether it was contrary to state law for her to have been enrolled there initially.  But since Plaintiff only asks for monetary relief, the question of her proper enrollment is irrelevant to the damages to which she may ultimately be entitled, after a trial.

**IV. Conclusion**

For the foregoing reasons, the Court grants summary judgment to Defendants with regards to Plaintiff's gender discrimination claims and declines to determine whether Plaintiff was properly enrolled in the Academy.  An appropriate Order shall be entered.

**August 8, 2007**              **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                U.S. District Judge

11